UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| P.E. JIMERSON, on behalf of himself and a class of similarly situated persons,<br><br>Plaintiff,<br><br>vs.<br><br>GENCO DISTRIBUTION SYSTEM, INC., a Pennsylvania corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No:  C 11-5157 SBA<br><br>**ORDER GRANTING MOTION TO CONTINUE**<br><br>Docket 20. |

On August 10, 2011, Plaintiff P.E. Jimerson ("Plaintiff") filed a class action complaint against Defendant Genco Distribution System, Inc. ("Defendant") in the Superior Court of the State of California, County of Alameda, alleging various wage and hour violations under state law.  Dkt. 1.  Defendant removed the action to this Court on the basis of diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d)(2).  Id.

On November 28, 2011, Defendant filed a motion to transfer this action to the Central District of California under 28 U.S.C. § 1404(a).  Dkt. 11.  The hearing on this motion is currently scheduled for April 3, 2012.  On December 18, 2011, Plaintiff filed a motion to remand on the ground that this Court lacks subject matter jurisdiction under CAFA.  Dkt. 14.  The hearing on this motion is currently scheduled for April 10, 2012.  Id.

On January 26, 2012, Plaintiff filed a motion to continue Defendants' motion to transfer.  Dkt. 20.  In its motion, Plaintiff contends that the Court should not consider Defendant's request to transfer before it resolves the more fundamental issue of subject matter jurisdiction.  Id.  On February 9, 2012, Defendant filed an opposition, arguing that

1 "it is perfectly proper for the Court to rule on the question of proper venue before determining whether jurisdiction exists."  Dkt. 22

The Court agrees with Plaintiff.  Since the presence of subject matter jurisdiction is a threshold issue in every case, see <u>Morongo Band of Mission Indians v. Cal. State Bd. of Equalization</u>, 858 F.2d 1376, 1380 (9th Cir. 1988), the Court finds it appropriate to consider Plaintiff's motion to remand prior to Defendant's motion to transfer.

Accordingly, IT IS HEREBY ORDERED THAT:

1. Plaintiff's motion to continue is GRANTED.

2. The hearing on Defendant's motion to transfer is CONTINUED to <u>April 24, 2012 at 1:00 p.m.</u>

3. This Order terminates Docket 20.

IT IS SO ORDERED.

Dated: 2/27/12

                                              *Saundra B. Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge